IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD SMART, an individual,

    Plaintiff,

  v.

SOUTHWEST CARPENTERS PENSION
PLAN, an ERISA-governed
retirement plan.

    Defendant.

Case No. 6:13-CV-02002-AA

OPINION AND ORDER

Daniel J. Rice
Heltzel, Williams, Yandell, Roth, Smith, Petersen & Lush, P.C.
P.O. Box 1048
Salem, Oregon 97308
    Attorney for plaintiff

John T. DeCarlo
Melissa Shimizu
DeCarlo & Shanley
A Professional Corporation
533 South Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706

1   - OPINION AND ORDER

<mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark></mark>
Case 6:13-cv-02002-AA   Document 16   Filed 01/30/14   Page 2 of 5


Matthew E. Malmsheimer
Haglund Kelley, LLP
200 S.W. Market Street, Suite 1777
Portland, Oregon 97201
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff Richard Smart files suit under the Employment Retirement Income Security Act (ERISA), 29 U.S.C.§ 1001, et seq., alleging defendant Southwest Carpenters Pension Plan ("the Plan") incorrectly calculated his vesting credits and improperly denied his retirement benefits. Before the Court is defendant's motion to dismiss or alternatively to transfer venue to the Central District of California, Western Division. Defendant's motion to dismiss is denied; defendant's motion to transfer venue is granted.

## DISCUSSION

    Defendant moves to dismiss on grounds that venue in Oregon is improper under ERISA's venue provision, 29 U.S.C. § 1132(e)(2). An ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Plaintiff concedes that the Plan is not administered or found in Oregon, and it does not "reside" here. The remaining question is whether the alleged breach took place in Oregon. Defendant responds that the breach, if any, took place in the Central District of California, Western Division, where the decision regarding plaintiff's retirement benefits was made. Plaintiff argues the breach took

2   - OPINION AND ORDER

place in the District of Oregon, where he expected to receive his retirement benefits. I agree.

In order to provide plan beneficiaries access to the federal courts, the venue provisions of ERISA are liberally construed. Varsic v. United States Dist. Ct., 607 F.2d 245, 247-48 (9th Cir. 1979). In Varsic, the defendant pension fund argued it could only be "found" where the plan was administered. Id. at 247. The Court disagreed, stating

> "[t]o accept this interpretation, we would apparently need to conclude that Congress intended that each of the four specific alternatives available to ERISA plaintiffs require essentially the same factual basis, i.e., where the fund is administered, as defined by the Fund. We do not ascribe to Congress that intent."

Id. at 248.

In the present case, the Plan makes an identical argument. Following the Plan's reasoning, a breach may only occur where the plan is administered. This does not comport with Congress's intent to provide ERISA plaintiffs with "ready access to the Federal courts" through a liberal venue provision. 29 U.S.C. § 1001(b); 29 U.S.C. § 1132(e)(2). Accordingly, for purposes of 29 U.S.C. § 1132(e)(2), I find that the breach takes place where the plaintiff expects to receive benefits, in this case in the District of Oregon. Thus, venue in Oregon is appropriate and the motion to dismiss is denied on this ground.

The question remains whether California or Oregon is the more convenient forum. Under 28 U.S.C. § 1404(a), a court may transfer

3    - OPINION AND ORDER

an action to another district "[f]or the convenience of the parties and witnesses, in the interest of justice." Although a plaintiff's choice of forum generally is accorded great deference in ERISA cases, such deference is but one of several factors a court must consider when ruling on a motion to transfer venue. Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302 (9th Cir. 1997), rev'd on other grounds, 525 U.S. 432 (1999). A district court must also consider: (1) the relative convenience of the selected forum and the proposed forum; (2) the possible hardship to the plaintiff if the court grants the motion; and (3) the interests of justice. Id. (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)).

Here, I find that the Central District of California, Western Division, is the more convenient forum. Aside from plaintiff, the relevant witnesses and documents are located in the Central District of California, where the plan is administered. Further, during all relevant time periods, plaintiff resided and worked in the Central District of California. Additionally, the Plan does not have offices in Oregon and does not have any collective bargaining agreements with employers in Oregon. Thus, Oregon has a very limited connection to the underlying controversy. Finally, the Central District of California shares the District of Oregon's interest in the fair administration of ERISA plans.

Plaintiff argues that transfer to California is not

4    - OPINION AND ORDER

appropriate because it will inconvenience the plaintiff, who has fewer resources than defendant. Given the advances of technology and electronic discovery methods, the court finds this factor significantly outweighed by the numerous factors supporting transfer.

## CONCLUSION

Defendant's motion to dismiss (doc. 7) is DENIED and the alternative motion to transfer is GRANTED. This action is hereby transferred to the Central District of California, Western Division.

IT IS SO ORDERED.

Dated this 30th day of January, 2014.

_____
Ann Aiken
United States District Judge

5   - OPINION AND ORDER